UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:21-cv-23324-JLK

ISABELLA MARINE CORP.,
OCEAN RESORT, LLC, and
PETER JOACHIM ALBANO,

    Plaintiffs,
v.

PATRIC J. PERIH,

    Defendant.
_____/

## ORDER DENYING PLAINTIFFS' AMENDED
## MOTION FOR SUMMARY JUDGMENT AS PREMATURE

THIS CAUSE comes before the Court upon Plaintiffs' Amended Motion for Summary Judgment (the "Motion") (DE 18), filed June 3, 2022. The Court has additionally considered Defendant's Response (DE 20) filed on July 25, 2020, and Plaintiffs' Reply (DE 22) filed on August 1, 2022. Additionally, the Court has considered the Parties' Statements of Material Facts (DE 13, 19, 21) and is otherwise fully advised.

**I.    BACKGROUND**

On September 14, 2021, Plaintiffs Isabella Marine Corp. and Ocean Resort, LLC, filed their single count Complaint for negligence alleging that Defendant recklessly operated his boat damaging Plaintiffs' docked vessels. *See* Compl., DE 1. On November 16, 2021, Plaintiffs amended their Complaint as a matter of course to add Plaintiff Peter Joachim Albano and include three separate counts of negligence on behalf of each Plaintiff. DE 8. On December 1, 2021, Defendant filed his Answer (DE 11) and the next day, as is its usual practice, this Court entered its Scheduling Order (DE 12) setting the discovery deadline for March 1, 2023, motion practice

deadline for March 6, 2023, and setting the final pretrial conference for May 5, 2023, and trial for July 10, 2023.

Plaintiffs submit a Statement of Material facts articulating in part that "[o]n June 17, 2019, Defendant breached his duty to operate the Vessel within the relevant rules of law and in compliance with posted restrictions when Defendant negligently operated his Vessel through Bill Bird Marina at an excessive speed, generating a large wake which impacted docked vessels at Bill Bird Marina." DE 13 ¶ 10 (citation omitted). Also, "[t]he wake from Defendant's Vessel caused damage to 6 vessels docked at the Bill Bird Marina by 'rocking them into the pylons at the dock.'" *Id.* ¶ 11 (citation omitted). On June 20, 2022, Plaintiffs Filed their original motion for summary judgment (DE 14) and ten (10) days later filed the instant Amended Motion for Summary Judgment making the same substantive arguments. *See* Mot.

## II.  LEGAL STANDARD

Summary judgment is appropriate where there is "no genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). An issue is genuine if a reasonable jury could return a verdict for the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996). A fact is material if it may affect the outcome of the case under the applicable substantive law. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

If a reasonable fact finder could draw more than one inference from the facts, creating a genuine issue of material fact, summary judgment should not be granted. *Samples ex rel. Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988). The moving party has the burden of establishing both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574,

586–87 (1986). On a motion for summary judgment, the court views the evidence and all reasonable inferences in the light most favorable to the non-moving party. *Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006).

### III. DISCUSSION

Plaintiffs argue it is undisputed that Defendant was operating his vessel on or about June 17, 2019, where Plaintiffs' vessels were docked. Mot. at 4–6. Plaintiffs further argue that the Fish and Wildlife Conservation Commission Boating Accident Report and video evidence submitted to the Court show that Defendant "exceeded posted limits on speed and wake production" and Plaintiffs' vessels were "actually damaged as a direct result of Defendant operating their vessel recklessly[.]" Mot. at 4–7. Defendant responds that "[t]o date, neither party has performed *any* discovery in this matter." Resp. at 2. Defendant further argues that a genuine dispute exists as to whether Defendant breached his duty of care, and whether Defendant caused Plaintiffs' damages. *Id*. at 5–10. Plaintiffs' Reply does not address the extent of discovery taken so far. *See* Reply.

Parties still have almost six (6) months to conduct discovery. Defendant argues that discovery has not even started. Resp. at 2–3. There is no "blanket prohibition on the granting of summary judgment motions before discovery" has occurred. *Est. of Todashev by Shibly v. United States*, 815 F. App'x 446, 450 (11th Cir. 2020) (citing *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843 (11th Cir. 1989)). However, "summary judgment should not be granted until the party opposing the motion has had an adequate opportunity to conduct discovery." *Id*.; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Federal Rule of Civil Procedure 56(d) provides shelter against a premature motion for summary judgment "when facts are unavailable to the nonmovant." Fed. R. Civ. P. 56(d). It qualifies Rule 56(c)'s requirement that the non-moving party establish that a genuine dispute of

fact exists in cases "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson*, 477 U.S. at 250 n.5. Here, Defendant has not had the opportunity to conduct discovery yet.

If the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the district court may defer considering the motion, deny the motion, allow additional time to obtain affidavits or declarations or to conduct discovery, or issue another appropriate order. *Est. of Todashev*, 815 F. App'x Fed. at 450 (citing Fed. R. Civ. P. 56(d)). Defendant has submitted an affidavit stating that "at this time, I do not have all the information that I need to fully oppose Plaintiff's summary judgment motion and defend my interests. . . I require discovery (including requests for production, interrogatories, and depositions) on the issues of causation and damages and, also, to support my affirmative defenses." Aff. of Patrick J. Perih, DE 19-1 ¶ 8. The Court will deny the Motion and allow the Parties time to conduct discovery. Plaintiffs shall be permitted to submit a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 at the close of discovery.

Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** that:

1) Plaintiffs' Amended Motion for Summary Judgment **(DE 18)** be, and the same is, hereby **DENIED without prejudice as premature;**

2) Plaintiffs' original Motion for Summary Judgment **(DE 14)** is **DENIED AS MOOT**;

3) Defendant's Motion to Strike **(DE 24)** is **DENIED AS MOOT**; and

4) Plaintiffs' Motion to Submit Evidence in Multimedia Format **(DE 25)** is **DENIED AS MOOT.**

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and U.S. Courthouse, Miami, Florida this 8th day of September, 2022.

                                                                  */s/ James Lawrence King*
                                                                   JAMES LAWRENCE KING
                                                                   UNITED STATES DISTRICT JUDGE

**cc:**      **All counsel of record**